DIAMOND CRYSTAL BRANDS, INC., in its capacity as fiduciary of Plan 501 of the Diamond Crystal Brands, Inc. Health Care Plan, Plaintiff,

v.

James W. WALLACE, Sr., in his capacity as the Administrator of The Estate of Deborah L. Hayes, Tamara Hayes, individually, and Houck, Ilardi & Regas, L.L.C., as Trustee of the Hayes Settlement Funds, Defendants.

Civil Action No. 1:07–CV–3172–JTC.

United States District Court, N.D. Georgia, Atlanta Division.

May 15, 2008.

John V. Kuruvilla, Kuruvilla Law Firm, P.C., Atlanta, GA, Ryan L. Woody, Matthiesen, Wickert & Lehrer, S.C., Hartford, WI, for Plaintiff.

Charles M. Cork, III, Law Office of Charles M. Cork, III, Macon, GA, for Defendants.

## ORDER

JACK T. CAMP, District Judge.

Pending before the Court is the Motion for Reconsideration [# 22] filed by Plaintiff Diamond Crystal Brands, Inc. ("Diamond"). Plaintiff brought this action against James W. Wallace, Sr., in his capacity as the Administrator of the Estate of Deborah L. Hayes, Tamara Hayes, and Houck, Ilardi & Regas, L.L.C., as Trustee of the Hayes Settlement Funds, for equitable relief pursuant to Section 502(a)(3) of the Employment Retirement Income Security Act of 1974 ("ERISA"). After holding a preliminary injunction hearing, the Court granted in part and denied in part Plaintiff's motion for a preliminary injunction. Plaintiff moves for reconsideration of this Court's Order to the extent it denied Plaintiff's Motion for Preliminary Injunc-

tion. After careful consideration of Plaintiff's motion to reconsider and the Court's prior Order, the Court **GRANTS** the motion [# 22].

## I. Procedural Background

Plaintiff initiated this action on December 20, 2007, filing a motion for a temporary restraining order the same day. Plaintiff, relying on Section 502(a)(3) of ERISA, sought to prohibit Defendants from disbursing or transferring settlement proceeds in their possession. The Court granted Plaintiff's motion for a temporary restraining order and scheduled a preliminary injunction hearing. (Order, Dec. 20, 2007.) On January 3, 2008, the Court held a hearing and heard evidence on Plaintiff's motion for preliminary injunction.

After considering the argument of counsel and the evidence, the Court granted in part and denied in part Plaintiff's Motion for Preliminary Injunction. (Order, Jan. 22, 2008.) The Court granted the motion as to the portion of the settlement allocated to the claims of the Estate, approximately $63,000.00, and denied the motion as to the portion of the settlement allocated to the wrongful death claim brought by Tamara Hayes, approximately $857,000.00. Plaintiff now moves the Court to reconsider the portion of its Order denying its motion for preliminary injunction as to the settlement funds allocated to Tamara Hayes.

## II. Factual Background

The facts in this case are largely undisputed, and the parties stipulated to most of the evidentiary facts.

Plaintiff Diamond is the fiduciary of Diamond Crystal Brands, Inc. Health Care Plan ("Plan 501" or the "Plan"). Plan 501 is a self-funded ERISA plan providing healthcare benefits. The Plan contains a subrogation and reimbursement provision requiring a Plan "Recipient," as defined by the Plan, to reimburse it for medical expenses paid on behalf of a covered individual where the Recipient receives payment from a third party responsible for the medical expenses. The Recipient agrees to hold the proceeds received by him or his legal representative in trust for the Plan and grants the Plan a first lien on the proceeds. Moreover, the Plan language prohibits the Recipient from doing "anything which may have the effect of prejudicing any of the foregoing rights, including but not limited to ... arranging for others to receive proceeds of any judgment, award, settlement, covenant, release or other payment; or releasing any claim in whole or part without reasonable compensation therefore." (Pl.'s Ex. A at 43.)

While receiving medical treatment in 2006, Deborah Hayes suffered injuries alleged to result from negligent medical care. These injuries ultimately led to her death. At the time of her death, Deborah Hayes was a covered individual under the Plan, which paid $261,863.58 for her medical expenses incurred as a result of her injuries.

Defendants James W. Wallace, Sr., as the Administrator of the Estate of Deborah Hayes, and Tamara Hayes, the adult daughter of Deborah Hayes, brought a medical malpractice and wrongful death action against Tanner Medical Center, Inc. ("Tanner Medical"). The Malone Law Office, P.C. represented both the Estate and Tamara Hayes in the medical malpractice action. The medical malpractice plaintiffs reached a settlement with Tanner Medical for $900,000.00.

In drafting the settlement agreement, Defendants allocated approximately $63,000.00 to the Estate for recovery of Deborah Hayes's medical expenses. Defendants allocated the remaining

$857,000.00 of the settlement proceeds to Tamara Hayes for her claim for the value of the decedent's life. Plaintiff, as fiduciary of Plan 501, initiated this action to recover the $261,863.58 in medical expenses incurred by the Plan from the total settlement proceeds.

### III. Legal Standard for Motion for Reconsideration

A court should grant a motion for reconsideration only if: (1) there has been an intervening change in controlling law; (2) the party discovers new evidence; or (3) reconsideration is needed to correct clear error or prevent manifest injustice. *Richards v. United States,* 67 F.Supp.2d 1321, 1322 (M.D.Ala.1999); *Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981); *Sussman v. Salem, Saxon, & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D.Fla.1994). Reconsideration is vested in the district court's sound discretion, and the grant of a motion to reconsider is an "extraordinary remedy to be employed sparingly." *Richards,* 67 F.Supp.2d at 1322; *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dept. of Health and Rehabilitative Servs.,* 225 F.3d 1208, 1216 (11th Cir.2000); *Brogdon v. Nat'l Healthcare Corp.,* 103 F.Supp.2d 1322, 1338 (N.D.Ga.2000) (Murphy, J.) ("Parties ... may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind.").

### IV. Legal Standard for Preliminary Injunction

In order to obtain a preliminary injunction, Plaintiff must demonstrate that:

(1) it has a substantial likelihood of success on the merits;

(2) irreparable injury will be suffered unless the injunction issues;

(3) the threatened injury to Plaintiff outweighs whatever damage the proposed injunction may cause Defendants; and

(4) if issued, the injunction would not be adverse to the public interest.

*BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC,* 425 F.3d 964, 968 (11th Cir.2005); *Braswell v. Board of Regents,* 369 F.Supp.2d 1362, 1366 (N.D.Ga.2005) (Thrash, J.); *BlueCross BlueShield of S.C. v. Carillo,* 372 F.Supp.2d 628, 638 (N.D.Ga.2005) (Murphy, J.). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.,* 896 F.2d 1283, 1285 (11th Cir.1990).

### V. Analysis

█ Plaintiff contends that it is entitled to equitable relief pursuant to 29 U.S.C. § 1132(a)(3) in the amount of $261,-863.58—the amount of money paid by the Plan for the medical bills of Deborah Hayes—because the express terms of the Plan require a Recipient to reimburse the Plan from any recovery from a third party tortfeasor responsible for the medical expenses. Defendants do not dispute that the Plan requires the reimbursement of the recovery for medical expenses by the Estate of the decedent in the amount of approximately $63,000.00, but contend that the Plan may not recover pursuant to Section 502(a)(3) of ERISA the portion of the settlement allocated to the wrongful death claim brought by Tamara Hayes.

#### A. Equitable Relief Pursuant to ERISA

Pursuant to Section 502(a)(3) of ERISA, a fiduciary may bring a civil action to "(A)

enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan...." 29 U.S.C. § 1132(a)(3); *see also Popowski v. Parrott*, 461 F.3d 1367, 1372 (11th Cir.2006); *Admin. Comm. for Wal-Mart Stores, Inc. Assocs.' Health and Welfare Plan v. Horton*, 513 F.3d 1223, 1225 (11th Cir.2008).[1]

The language of the Plan requires that the Estate reimburse the Plan out of any settlement or tort judgement to the full extent of the benefits paid by the Plan. (Pl.'s Ex. A at 43.) The Estate agrees to hold the funds received by it or its legal representative in trust for the Plan and to grant a first lien on such proceeds. (*Id.*) The Plan language also prohibits the Estate from doing "anything which may have the effect of prejudicing any of the foregoing rights, including but not limited to ... arranging for others to receive proceeds of any judgment, award, settlement, covenant, release or other payment; or releasing any claim in whole or part without reasonable compensation therefore." (*Id.*) Here, the Estate's attorney structured the settlement with the third party tortfeasor in a manner that prejudiced the rights of the Plan by arranging for Tamara Hayes to recover the vast majority of the settlement funds-$836,536.00 of the total $900,000.00 settlement. The Estate's actions in structuring the settlement to minimize its reimbursement to the Plan for the medical expenses of Deborah Hayes violates the terms of Plan 501.

█ The Supreme Court, however, has repeatedly explained that Section 1132(a)(3) authorizes only categories of equitable relief that were typically available

in equity. *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 126 S.Ct. 1869, 1873, 164 L.Ed.2d 612, (2006); *Great-West Life & Annuity Ins. Co., v. Knudson*, 534 U.S. 204, 210, 122 S.Ct. 708, 712, 151 L.Ed.2d 635 (2002). A claim for restitution under Section 1132(a)(3) is equitable where a plaintiff seeks to impose a constructive trust or equitable lien on "particular funds or property in the defendant's possession." *Knudson*, 534 U.S. at 213, 122 S.Ct. at 714; *Sereboff*, 126 S.Ct. at 1874; *see also Amschwand v. Spherion Corp.*, 505 F.3d 342, 346 (5th Cir.2007) ("The crucial distinction between two historical species of restitution is that equitable restitution seeks only to restore to the plaintiff particular funds or property in the defendant's possession, while legal restitution imposed personal liability for breach of a legal duty."). The fact that funds are held by a third party does not defeat a claim under Section 1132(a)(3). *Horton*, 513 F.3d at 1228–29.

Here, Plaintiff seeks to impose a constructive trust or equitable lien on specifically identifiable funds in the possession of Defendants. *Compare Sereboff*, 126 S.Ct. at 1874 (plan fiduciary sought to impose constructive trust on settlement funds from tort action that were in the possession of defendants), with *Amschwand*, 505 F.3d at 346 (plan beneficiary brought action for breach of fiduciary duty against plan fiduciary to recover ill-gotten profits); *Admin. Comm. v. Merritt*, No. 5:01cv26, 2003 WL 23213577 (M.D.Ga. May 9, 2003) (Royal, J.) (holding that claim for restitution was not in equity where plan fiduciary filed suit *prior* to the plan participant reaching a settlement with the tortfeasor responsible for her injuries). The Plan asserts title and right to possession of particular funds that are in the hands of Houck, Ilardi & Regas, L.L.C., as Trustee

---

**1.** It is undisputed that Plaintiff is a fiduciary under ERISA.

of the Hayes Settlement Funds. Pursuant to the terms of the Plan, a portion of the money held in trust by Houck, Ilardi & Regas, L.L.C. belongs in good conscience to Plaintiff. The fact the settlement funds are held by a third party trustee rather than the Estate does not defeat Plaintiff's claim. *See Horton,* 513 F.3d at 1229. Because a portion of the settlement funds at issue in this case belongs in good conscious to Plaintiff and are specifically identifiable and within the possession and control of Defendants, Plaintiff seeks relief that is equitable in nature within the meaning of Section 1132(a)(3).

### B. Preliminary Injunction

 Plaintiff has demonstrated a substantial likelihood of success on the merits of its ERISA claim as to its claim for a constructive trust or equitable lien as to the full $261,863.51. In order for preliminary injunction to issue, however, Plaintiff must also establish that it will suffer an irreparable injury if the injunction does not issue, that the injury outweighs any harm that might result to the Defendants, and that the injunction will not be adverse to the public interests.

 Each of these three factors favors Plaintiff. If a preliminary injunction does not issue in this case, Plaintiff may not be able to obtain relief under Section 1132(a)(3) because the funds at issue may no longer be traceable and under the control of Defendants. Additionally, Defendants shall suffer no harm from entry of the injunction, and its entry is not adverse to the public interests. Rather, the public has an interest in insuring the integrity of ERISA plans such as the one involved in this dispute. Accordingly, the Court finds that Plaintiff has met its burden for obtaining a preliminary injunctive as to the entire $261,863.51. The Court **GRANTS**

Plaintiff's Motion for Reconsideration [# 22].

### VI. Conclusion

The Court **GRANTS** Plaintiff's Motion for Reconsideration [# 22]. The Court **DENIES as moot** Plaintiff's Motion for Oral Argument [# 24]. The Court enjoins Defendants James W. Wallace, Sr., in his capacity as Administrator of the Estate of Deborah Hayes, Tamara Hayes, and/or Houck, Ilardi & Regas, L.L.C., and all those acting in concert or participation with them, from disbursing, disposing, dissipating, and/or transferring $261,863.51 of the settlement funds at issue in this dispute until further Order of this Court.