# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2008

Charles R. Fulbruge III
Clerk

No. 08-40332
Summary Calendar

DIANE HOBBS, Individually and as a Representative of the Heirs and Estate of David J. Hobbs

Plaintiff - Appellant

v.

BAKER HUGHES OILFIELD OPERATIONS, INC.

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:06-CV-97

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

EDITH H. JONES, Chief Judge:[*]

Diane Hobbs ("Ms. Hobbs") appeals the entry of summary judgment against her on her claim arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). She also appeals the district court's award of costs to defendant Baker Hughes. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FACTS

Diane Hobbs's husband, David J. Hobbs ("Mr. Hobbs"), was employed by Baker Hughes from 1979 to 2003. As part of its employee benefits plan,[1] Baker Hughes provided Mr. Hobbs with two life insurance policies totaling $195,000 in coverage. Ms. Hobbs was listed as a 50% beneficiary under these policies. In June 2003 Baker Hughes provided Mr. Hobbs a copy of its Summary Plan Description ("SPD"), explaining that if his employment were ever terminated, his life insurance coverage would end unless he converted it to an individual policy. Two months later, in August 2003, Baker Hughes terminated Mr. Hobbs's employment for cause. On the day of his termination, Baker Hughes hand-delivered a letter ("Termination Letter") to Mr. Hobbs, which reiterated the conversion policy found in the SPD: "Your company provided Life . . . coverage[] will end on the date of your termination. You may apply to convert your coverage to an individual policy. You must apply for the policy within 31 days after your coverage ends. You will receive a conversion application with your COBRA enrollment materials." Mr. Hobbs went home that day and advised his wife Diane that all his Baker Hughes benefits had ended. Mr. Hobbs never discussed the benefits situation with his wife again, and he made no attempt or inquiry with Baker Hughes to convert his life insurance policy.

Several months later, in May 2004, Mr. Hobbs suffered a fatal brain aneurism. Ms. Hobbs asked Baker Hughes about Mr. Hobbs's life insurance benefits and was advised that his coverage had ended the day his employment was terminated. Around this time, Ms. Hobbs learned that the life insurance conversion application referenced in the Termination Letter had been mailed to Mr. Hobbs at his office address, rather than his home.[2] Ms. Hobbs filed this

---

[1] All parties agree this plan is governed by ERISA.

[2] At one time, Mr. Hobbs had asked Baker Hughes to mail his personal correspondence to his office address. At some point prior to his termination, he requested that Baker Hughes

lawsuit in May 2006, seeking "reinstatement" and payment of Mr. Hobbs's life insurance benefits. The district court granted summary judgment to Baker Hughes, and Ms. Hobbs appeals. Her primary argument on appeal is that Baker Hughes's failure to send Mr. Hobbs's conversion application to his home address was a breach of fiduciary duty actionable under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). Ms. Hobbs also challenges the district court's award of $1,351.30 in costs to Baker Hughes.

## DISCUSSION

The district court's grant of summary judgment is reviewed de novo. Baker v. Metropolitan Life Ins. Co., 364 F.3d 624, 627 (5th Cir. 2004). The decision to award costs in an ERISA case is reviewed for abuse of discretion. Wade v. Hewlett-Packard Dev. Co. LP Short Term Disab. Plan, 493 F.3d 533, 541 (5th Cir. 2007).

Section 502(a)(3) of ERISA provides, in part, that a civil action may be brought:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3). The district court granted Baker Hughes summary judgment on this claim for two reasons. First, the court concluded that Baker Hughes's actions in this case — an unexplained failure to deliver a third notice of Mr. Hobbs's conversion rights — did not rise to the level of a breach of fiduciary duty.[3] The district court found no evidence that Baker Hughes was

---

change his mailing address to his residence. Baker Hughes, for unknown reasons, never updated its records accordingly.

[3] The district court assumed for the sake of argument, as do we, that Baker Hughes was acting as a fiduciary at all relevant times.

responsible for more than a clerical oversight in this matter. See Bodine v. Employers Casualty Co., 352 F.3d 245, 251 (5th Cir. 2003) (noting that plaintiffs had made no allegations of "deceptive practices, misrepresentations, or other behavior typically associated with fiduciary breaches by employers under ERISA"); see also Vallone v. CNA Fin. Corp., 375 F.3d 623, 642 (7th Cir. 2004) ("[W]hile there is a duty to provide accurate information under ERISA, negligence in fulfilling that duty is not actionable.") The district court also held that Ms. Hobbs had failed to demonstrate a fact issue on the question of causation; i.e., the court found no evidence indicating that Mr. Hobbs would have acted differently had he been advised yet again of his conversion rights. See Ferrer v. Chevron Corporation, 484 F.3d 776, 782 (5th Cir. 2007) (affirming Rule 12(b)(6) dismissal of an ERISA claim for lack of a causal relationship between the alleged breach of fiduciary duty and damages).

The district court further noted that there was some dispute whether the reinstatement Ms. Hobbs seeks is "appropriate equitable relief" available under § 502(a)(3). The district court found it unnecessary to reach this question, but for our purposes the issue is sufficient to resolve the case at hand. See FDIC v. Laguarta, 939 F.2d 1231, 1240 (5th Cir. 1991) (noting that summary judgment may be affirmed on any grounds adequately developed below). Our caselaw makes it clear that the "reinstatement" of benefits Ms. Hobbs seeks does not qualify as equitable relief under § 502(a)(3). Amschwand v. Spherion Corp., 505 F.3d 342, 348 (5th Cir. 2007), cert. denied 128 S. Ct. 2995 (2008). Though Ms. Hobbs has attempted to cast her prayer for relief as equitable,[4] in substance

---

[4] Ms. Hobbs explained in her response to Baker Hughes's Motion for Summary Judgment that the "proper equitable relief" would allow her to convert Mr. Hobbs's benefits retroactively, pay any necessary premiums, and collect the balance due on the policies. This is, in substance, a request for damages. See Amschwand, 505 F.3d at 348 n.7 ("Such attempts to recharacterize a desired § 502(a)(3) remedy as a purely equitable form of relief, like an injunction, have been consistently rejected.").

she is seeking damages in the form of life insurance proceeds. "Obtaining the lost policy proceeds . . . is simply a form of make-whole damages. This demand is not equitable in derivation, but is akin to the legal remedies of extracontractual or compensatory damages." Id. (citations omitted). These legal remedies are not available under § 502(a)(3). Thus, even assuming Baker Hughes did breach its fiduciary duty in failing to update its records and mail Mr. Hobbs a third notice of his conversion rights, and assuming Ms. Hobbs could show a causal link between this breach and Mr. Hobbs's decision not to convert his benefits, the relief she seeks is not available under § 502(a)(3).

Ms. Hobbs also challenges the district court's order affirming the award of costs to Baker Hughes. She complains that Baker Hughes should have filed a motion for costs, rather than submitting a bill of costs to the court clerk. ERISA authorizes a court to award costs "in its discretion." 29 U.S.C. § 1132(g). Costs in an ERISA suit may be awarded on a simple "prevailing party" basis. Wade, 493 F.3d at 542-43. Here, Baker Hughes was the prevailing party, and it submitted its bill of costs to the court clerk in accordance with Local Rule 54.2.[5] Ms. Hobbs filed an objection, which the district court examined and overruled. Ms Hobbs has not shown this process to be inadequate or an abuse of discretion.

The judgment of the district court is affirmed. Ms. Hobbs's request for permission to submit supplemental briefing on Amschwand v. Spherion Corp. is denied as untimely.

AFFIRMED.

---

[5] Southern District of Texas Local Rule 54.2, "Bill of Costs," provides in relevant part, "An application for costs shall be made by filing a bill of costs within 14 days of the entry of a final judgment. . . . Objections to allowance of the bill, the attorney's fees, or both must be filed within five days of the bill's filing."