# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 19, 2013

Lyle W. Cayce
Clerk

No. 12-60461

AARON GEARLDS, JR.,

Plaintiff-Appellant

v.

ENTERGY SERVICES, INCORPORATED; ENTERGY MISSISSIPPI, INCORPORATED,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi

Before REAVLEY, PRADO, and ELROD, Circuit Judges.

REAVLEY, Circuit Judge:

Plaintiff Aaron Gearlds, Jr. appeals from the district court's dismissal of his suit alleging claims of equitable estoppel and breach of fiduciary duties pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). The district court dismissed the suit under Federal Rule of Civil Procedure 12(b)(6). Because we conclude that Gearlds stated a claim for relief that is cognizable under ERISA, we REVERSE the district court's judgment for Entergy Services, Inc.

No. 12-60461

## I.

According to the complaint, the facts of which we accept as true, Gearlds was employed by Defendant Entergy Mississippi and participated as a beneficiary of an ERISA plan administered by Defendant Entergy Services, Inc. (henceforth only "Entergy"). Gearlds worked for Entergy Mississippi from 1976 until 1994 when he began collecting long term disability benefits. Those benefits ended in 2002 because he was deemed no longer disabled. Although Gearlds's employment was not terminated, Entergy Mississippi did not pay Gearlds from that point on. In 2005, Gearlds took early retirement at the age of 55, receiving a reduced pension and full medical, dental, and vision benefits. Gearlds alleged in his complaint that he agreed to retire early because the defendants told him orally and in writing that he was covered by Entergy's Medical Benefits Plus Plan and would continue to receive medical benefits. At some point, Gearlds waived medical benefits available under his wife's retirement plan when she retired from her employment because of the assurances he had received from Entergy.

In 2010, however, Entergy notified Gearlds that it was discontinuing his medical benefits. Apparently, when Entergy determined the benefits to which Gearlds was entitled upon retirement in 2005, it believed that Gearlds was still receiving long term disability benefits, which had actually ended three years earlier, and it therefore included the time from 2002 to 2005 when computing Gearlds's service time under the retirement plan. This error caused Entergy to determine that Gearlds was eligible for medical coverage and that his monthly retirement benefit would be $800.65. Entergy informed Gearlds that he was actually not entitled to medical benefits and that his monthly benefit should have been $305.68. Entergy did not seek reimbursement of any over payments, and it further stated that it would allow Gearlds to continue to receive the same

2

No. 12-60461

$800.65 monthly benefit. It indicated, however, that Gearlds's medical coverage would cease.

Gearlds filed the instant suit, alleging that Entergy negligently induced him to take early retirement insofar as it promised him health care benefits. He asserted claims for (1) breach of fiduciary duty pursuant to ERISA § 502(a)(3), now codified as 29 U.S.C. § 1132(a)(3), and (2) equitable estoppel. Gearlds sought as damages past and future medical expenses, interest, attorneys fees, costs, and any other damages, equitable or otherwise, to which he may be entitled.

Upon motion by Entergy, the district court dismissed the complaint for failure to state a claim. The district court reasoned that Gearlds sought only compensatory money damages, which was not an available equitable remedy under § 502(a)(3). The court further held that Gearlds's claim for equitable estoppel failed because Gearlds had not alleged the kind of extraordinary circumstances necessary under our precedent. Gearlds now appeals.

## II.

The district court's dismissal for failure to state a claim is reviewed de novo. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]he complaint must provide more than conclusions, but it need not contain detailed factual allegations." *Turner*, 663 F.3d at 775 (internal quotation marks and citation omitted).

No. 12-60461

As relevant to the instant case, § 502(a)(3) permits a plan beneficiary to bring a civil action to obtain "other appropriate equitable relief" for ERISA violations. 29 U.S.C. § 1132(a)(3). Until recently, it was accepted in this and other circuits that "other appropriate equitable relief" was limited to the kinds of remedies typically available at equity, such as injunctions, mandamus, or restitution, and that so-called "make-whole" monetary damages were not within the scope of the statute. *See Amschwand v. Spherion Corp.*, 505 F.3d 342, 343 (5th Cir. 2007); *see also McCravy v. Metro. Life Ins. Co.*, 690 F.3d 176, 180 (4th Cir. 2012). In *Amschwand*, for example, a plan beneficiary sought make-whole damages for breach of fiduciary duty in the form of lost policy proceeds. *See* 505 F.3d at 348. We held that such a remedy was "not equitable in derivation" and was instead "akin to the legal remedies of extracontractual or compensatory damages." *Id.* Because the remedy sought "was not typically available in pre-fusion courts of equity," we denied relief. *Id.* Under this precedent, Gearlds's claim for monetary damages is inappropriate under § 502(a)(3). Because of recent Supreme Court precedent, however, we must reevaluate that conclusion.

The Supreme Court recently stated an expansion of the kind of relief available under § 502(a)(3) when the plaintiff is suing a plan fiduciary and the relief sought makes the plaintiff whole for losses caused by the defendant's breach of a fiduciary duty. *See CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 1878–80 (2011). In *Amara*, a class of plaintiffs sued an employer and a pension plan because the employer misled the plaintiffs about the conversion of a defined benefit retirement plan into a cash balance plan and provided less generous benefits. *Id.* at 1870. The district court found that the defendant had intentionally misled the employees, and it reformed the terms of the new plan. *Id.* at 1874–75. The district court, *inter alia*, "require[d] the plan administrator to pay to already retired beneficiaries money owed them under the plan as reformed." *Id.* at 1880.

No. 12-60461

As legal authority for the relief, the district court relied on ERISA § 502(a)(1)(B), which allows plan participants or beneficiaries to bring suit for recovery of benefits under ERISA plans. *See id.* at 1875–76; 29 U.S.C. § 1132(a)(1)(B). The Supreme Court held that § 502(a)(1)(B) did not authorize the relief because that section did not permit the district court to change or reform the terms of the plan as they previously existed. *Amara*, 131 S. Ct. at 1876–77. The Court then went on, however, to order on remand a remedy might be available under § 502(a)(3)'s provision for "other appropriate equitable relief." The Court concluded that the district court's allowance of monetary damages could fall within the scope of the statute. *Id.* at 1878–80.

Although the district court's remedy was in the form of money, the Supreme Court reasoned that it was not beyond the scope of traditional equitable relief because "[e]quity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Id.* at 1880. This form of relief was commonly known as "surcharge." *Id.* The Court believed it "critical" that the *Amara* defendant's position as a fiduciary was analogous to a trustee, and it concluded that "an award of make-whole relief" in the form of surcharge was within the scope of "appropriate equitable relief" for purposes of § 502(a)(3). *Id.*

In the instant case, Gearlds argues that *Amara* is controlling. He contends that Entergy breached its fiduciary duty by representing that he was eligible for plan benefits for the remainder of his life by opting for early retirement, and that he detrimentally relied on the misrepresentations. Gearlds argues that he continued paying premiums for his benefits and lost the opportunity to obtain alternate benefits through his wife's retirement plan. He seeks to recover the amount of insurance benefits that he has lost as a result of the defendants' alleged breach and misrepresentations.

5

No. 12-60461

In *McCravy*, the Fourth Circuit addressed a somewhat similar case. There, the plaintiff paid life insurance premiums for several years for her dependent child only to learn upon the child's death that the child had been ineligible for dependent coverage. *McCravy*, 690 F.3d at 178. The plan denied the plaintiff's claim for benefits and sought to reimburse the plaintiff only for the premiums that she had paid. *Id.* In her suit for breach of fiduciary duty, the plaintiff alleged that the defendant had represented to her that her child was covered by dependent life insurance, and that as a result she did not obtain different insurance. *Id.* The plaintiff sought the amount of life insurance proceeds lost because of the defendant's alleged breach. *Id.* at 181. The Fourth Circuit concluded based on *Amara* that because a monetary make-whole remedy could be available under § 502(a)(3), the plaintiff was not limited to recovering the premiums she had paid. *Id.* The court remanded for the district court to determine in the first instance whether the breach of fiduciary duty claim would succeed on the merits and whether surcharge was an appropriate remedy under the circumstances of the case. *Id.* at 181–82.

Here, we follow a similar path. The district court cited *Amara* but it did not consider whether surcharge was an appropriate remedy. The district court instead dismissed the suit because Gearlds sought only money damages, which is ordinarily a legal remedy. After *Amara*, however, that is not the end of the inquiry into equity. Gearlds's complaint is viable in light of *Amara*.

Entergy characterizes *Amara*'s discussion of § 502(a)(3) as dictum. Even assuming it is dictum, however, we give serious consideration to this recent and detailed discussion of the law by a majority of the Supreme Court. *See McCravy*, 690 F.3d at 181 n.2 (stating about *Amara* that the court "cannot simply override a legal pronouncement endorsed just last year by a majority of the Supreme Court"); *Reich v. Continental Cas. Co.*, 33 F.3d 754, 757 (7th Cir. 1994) (holding that the Supreme Court's "recent dictum . . . provides the best, though not

infallible, guide to what the law is"); *see also United States v. Becton*, 632 F.2d 1294, 1296 n.3 (5th Cir. 1980) (noting that, as compared with other dicta, "[d]icta of the Supreme Court are, of course, another matter").  Based on the depth of the Court's treatment of the issue, we are persuaded to join the Fourth Circuit in concluding that *Amara*'s pronouncements about surcharge as a potential remedy under § 502(a)(3) should be followed.  We also conclude, therefore, that our circuit's contrary prior decisions, such as *Amschwand*, have been implicitly overruled.  *Cf. United States v. Short*, 181 F.3d 620, 624 (5th Cir. 1999) ("[T]his panel is bound by the precedent of previous panels absent an intervening Supreme Court case explicitly or implicitly overruling that prior precedent . . . .").

To be sure, Gearlds did not expressly plead or argue "surcharge," but he did argue that he should be made whole in the form of compensation for lost benefits, and his complaint specifically asked for "[a]ny and all other damages and/or relief, equitable or otherwise, to which [he] may be entitled under federal law."  Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used.  *See Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) ("[W]e have oft stated that 'the relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label.'" (citation omitted)).  We conclude that Gearlds has at least stated a plausible claim for relief, and therefore further proceedings are required.  We leave to the district court the determination whether Gearlds's breach of fiduciary duty claim may prevail on the merits and whether the

circumstances of the case warrant the relief of surcharge.[1]  *See McCravy*, 690 F.3d at 181–82.

Gearlds also sought a remedy based on equitable estoppel.  The district court dismissed that claim because "extraordinary circumstances" were not constituted by the allegations.  *See High v. E-Systems, Inc.,* 459 F.3d 573 (5th Cir. 2006).  Because relief is available under the surcharge doctrine under *Amara*, we do not address the equitable estoppel claim.  The district court is free to consider that claim on remand.

Finally, Gearlds challenges the district court's dismissal of Defendant Entergy Mississippi.  The district court dismissed Entergy Mississippi because Gearlds did not allege that Entergy Mississippi was a proper defendant.  Gearlds argues that Entergy Mississippi was a proper and necessary defendant only because he was employed by Entergy Mississippi and his plan benefits accrued through his employment.  Gearlds did not allege, however, that Entergy Mississippi sponsored or administered the plan, or made any decisions with respect to his benefits; therefore, the district court did not err.  *See Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349–50 (5th Cir. 2003) (holding that employer was a proper defendant, in addition to the pension plan,

---

[1] Entergy also argues that Gearlds's breach of fiduciary duty claim fails because Gearlds did not plausibly allege that it acted in a discretionary, rather than a ministerial, manner. *See Reich v. Lancaster*, 55 F.3d 1034, 1049 (5th Cir. 1995). The district court did not address this issue because it determined that the remedy Gearlds sought was not available under § 502(a)(3), which we have concluded was incorrect. We need not decide at this point whether Entergy's conduct was discretionary or ministerial, but Gearlds's allegations of affirmative misrepresentations at least plausibly alleged a breach of fiduciary duty. *See In re Unisys Corp. Retiree Med. Benefit "ERISA" Litig.*, 57 F.3d 1255, 1264 (3d Cir. 1995) ("[W]hen a plan administrator affirmatively misrepresents the terms of a plan or fails to provide information when it knows that its failure to do so might cause harm, the plan administrator has breached its fiduciary duty to individual plan participants and beneficiaries."). It bears emphasis that we consider this case at the pleading stage; Entergy's actual conduct will require further development and consideration by the district court.

No. 12-60461

because the employer was both the plan administrator and sponsor, and the employer made the decision to deny benefits).

AFFIRMED IN PART AS TO ENTERGY MISSISSIPPI, REVERSED AND REMANDED AS TO ENTERGY SERVICES, INC.