MANION, Circuit Judge,
concurring.
After one of Deborah Kenseth’s doctors recommended that she undergo a Roux-en-Y gastric bypass procedure to address complications from an earlier gastric banding surgery, Kenseth called Dean to ask whether the surgery was covered by her insurance policy. The Dean representative asked Kenseth the nature of the surgery and Kenseth replied that the procedure was related to the bottom of her esophagus and acid reflux; Kenseth never mentioned the connection to her earlier gastric banding surgery. Kenseth I, 610 F.3d at 459-60. After speaking with her supervisor, the Dean representative informed Kenseth that the surgery would be covered, subject to a $300 co-pay. Following her surgery, Dean learned of the connection between the Roux-en-Y gastric bypass procedure and the earlier gastric banding surgery and denied Kenseth coverage. In Kenseth I, this court held that Dean was not entitled to summary judgment on Kenseth’s breach of fiduciary duty claim where: Kenseth had specifically called to determine whether the surgery was covered; Dean had informed her the surgery would be covered (subject to a $300 co-pay), but later denied coverage; the Certificate of Insurance was ambiguous on whether there was coverage for the surgical procedure; the Certificate failed to identify a means by which a participant could obtain an authoritative determination on a coverage question; and the Certificate invited participants to call customer service with coverage questions but did not warn them that they could not rely on any advice they received. Kenseth I, 610 F.3d at 469-78. On the breach of fiduciary duty claim, we vacated the grant of summary judgment to Dean and “remand[ed] for a determination as to whether Kenseth is seeking any form of equitable relief that is authorized by 29 U.S.C. § 1132(a)(3) and, if so, for further proceedings on that claim as are consistent with this opinion.” Kenseth I, 610 F.3d at 483.
On remand, the district court again granted Dean summary judgment, this time concluding, among other things, that Kenseth had not shown the availability of “appropriate equitable relief’ for Dean’s purported breach of fiduciary duty. In its decision, the district court acknowledged that it was “not writing on a blank slate” and it relied in great part on the Supreme Court’s decision in Mertens v. Hewitt Assocs., 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), and this court’s holding in Kenseth I, both of which called into question the availability of an equitable remedy. District Court Opinion 5-7; 9-15.
However, after the district court issued its decision, the Supreme Court’s decision in CIGNA Corp. v. Amara, - U.S. -, 131 S.Ct. 1866, 179 L.Ed.2d 843 (2011), came down. In CIGNA the district court had held that Cigna had breached its fiduciary duties to the plaintiffs by changing the nature of its pension plan for employees, while misleading the employees and giving them “significantly incomplete” notice of the changes. Id. at 1872-73. This left a large number of employees worse off than under the old pension plan. Among *893 other things, Cigna transferred to the new pension plan amounts that did not “represent] the full value of the benefits” that employees had earned under the old pension plan. Id. On appeal, the Supreme Court considered the propriety of the district court’s remedy. It held that reformation and then enforcement of the reformed plan was not authorized by § 502(a)(1)(B). But it also noted that the employees of Cigna Corporation might be entitled to recover a monetary remedy of surcharge as “appropriate equitable relief’ under § 502(a)(3), for the defendant’s breach of fiduciary duties. Id. at 1875-80.
In vacating the district court’s opinion and remanding the case to the district court for further proceedings, the court in this case relies extensively on CIGNA. Opinion at 876-80; 30-32. I agree that CIGNA requires reversal and that CIGNA makes clear that a monetary payment may qualify as “an appropriate equitable remedy” when a fiduciary is involved. CIGNA, 131 S.Ct. at 1880 (“But the fact that this relief takes the form of a money payment does not remove it from the category of traditionally equitable relief.”). I also agree that we should leave it to the district court in this case to fashion appropriate relief in the first instance. Opinion at 883. I disagree, though, that “if Kenseth is able to demonstrate a breach of fiduciary duty as we set forth in our first opinion, and if she can show that the breach caused her damages, she may seek an appropriate equitable remedy including make-whole relief in the form of money damages.” Opinion at 883.
CIGNA did not hold that money damages are an appropriate equitable remedy. Rather, CIGNA concluded that the fact that “relief takes the form of a money payment does not remove it from the category of traditionally equitable relief.” Id. 131 S.Ct. at 1880. The Supreme Court then illustrated this point, explaining: “[e]quity courts possessed the power to provide relief in the form of monetary ‘compensation’ for a loss resulting from a trustee’s breach of duty, or to prevent the trustee’s unjust enrichment.... [T]his kind of monetary remedy against a trustee, sometimes called a ‘surcharge,’ was ‘exclusively equitable.’ ” Id. That language from CIGNA, though, does not support the conclusion that make-whole relief in the form of money damages is recoverable as “appropriate equitable relief’ under § 502(a)(3). See McCravy v. Metropolitan Life Ins. Co., 690 F.3d 176, 181 (4th Cir.2012) (“In sum, the portion of [CIGNA v.] Amara in which the Supréme Court addressed [§ 502(a)(3) ] stands for the proposition that remedies traditionally available in courts of equity, expressly including estoppel and surcharge, are indeed available to plaintiffs suing fiduciaries.”).
The court in this case quotes the surcharge language from CIGNA and also relies on Gearlds v. Entergy Servs., Inc., 709 F.3d 448, 450 (5th Cir.2013), and McCravy, 690 F.3d at 181, both of which also discuss the surcharge remedy. The court’s discussion today might lead some to wrongly believe that a plaintiff can recover monetary damages under § 502(a)(3) by calling the relief sought a surcharge. That was not CIGNA’s holding. Rather, CIGNA noted that surcharge is one type of equitable remedy which may be appropriate in certain situations, including, possibly, the facts of that case, where the breach of trust affected the amount of money contributed to the beneficiaries’ retirement accounts initially, and then paid out eventually. And “surcharge” is not simply the moniker given to any monetary payment for an equitable harm — if it were, then there would be no need for other equitable remedies, such as restitution, equitable estoppel, or a constructive trust.
Moreover, while CIGNA explained that a surcharge might be an appropriate rem *894 edy, it did not go so far as to say it was an appropriate remedy. See CIGNA, 131 S.Ct. at 1880. (“We cannot know with certainty which remedy the District Court understood itself to be imposing, nor whether the District Court will find it appropriate to exercise its discretion under § 502(a)(3) to impose that remedy on remand. We need not decide which remedies are appropriate on the facts of this case....”) (emphasis added). The CIGNA Court also made clear that its “decision rests in important part upon the circumstances present here,.... ” 131 S.Ct. at 1871. Thus, that CIGNA concluded that a surcharge might be an appropriate remedy given the facts of that case,[1] does not mean that it is an appropriate remedy in this, or other, cases. See McCravy, 690 F.3d at 181-82 (‘Whether McCravy’s breach of fiduciary duty claim will ultimately succeed and whether surcharge is an appropriate remedy under § 502(a)(3) in the circumstances of this case are questions appropriately resolved in the first instance before the district court.”); Gearlds v. Entergy Services, Inc., 709 F.3d 448, 452 (5th Cir.2013) (“We leave to the district court the determination whether Gearlds’s breach of fiduciary duty claim may prevail on the merits and whether the circumstances of the case warrant the relief of surcharge.”). And it does not mean that money damages are available under § 502(a)(3).
In the end, it will be up to the district court to determine whether an equitable remedy is appropriate, and if so, which one, following a trial.[2] And I do agree *895 with the court that a trial is required on the breach of fiduciary duty claim and that the district court erred in granting Dean summary judgment.[3]
Finally, I believe it is important to stress again, that, like CIGNA, this “decision rests in important part upon the circumstances present here,.... ” 131 S.Ct. at 1871. As noted above, those circumstances are that Kenseth called and asked Dean whether the surgery would be covered by her insurance policy and the Dean representative, even after checking with her supervisor, wrongly informed Kenseth that the surgery was covered (subject to a $300 co-pay), but Dean later denied coverage; and the Certificate of Insurance was ambiguous on whether there was coverage for the surgical procedure. The Certificate also failed “to identify a means by which a participant may obtain an authoritative determination on a coverage question,” and “invit[ed] participants to call customer service with coverage questions but not warning them that they could not rely on any advice they received.” Opinion at 883. The holding in Kenseth cannot be separated from these facts and it is in this context that there is a fiduciary “duty to disclose material information” to plan participants, and “also an affirmative obligation to communicate material facts affecting the interests of plan participants.” Opinion at 872. Whether there was a breach of fiduciary duty which harmed Kenseth and whether there is an appropriate equitable remedy available to her remain questions for remand.
For these reasons, I concur in judgment.

. A surcharge might have made sense in CIGNA because the breach of trust involved the amount of money contributed to beneficiaries’ retirement accounts initially, and then paid out eventually. That scenario mirrored the common law trust situation where the surcharge remedy was utilized, as demonstrated by the supporting citations in CIGNA. For instance, in discussing the surcharge remedy in CIGNA, the Supreme Court cited the Restatement (Third of Trusts) § 95. That Section is entitled, “Surcharge liability for breach of trust ” and provides: "If a breach of trust causes a loss, including any failure to realize income, capital gain, or appreciation that would have resulted from proper administration of the trust, the trustee is liable for the amount necessary to compensate fully for the breach. See § 100.” Restatement (Third of Trusts) § 100, cited by § 95, similarly provides: "If a breach of trust causes a loss, including any failure to realize income, capital gain, or appreciation that would have resulted from proper administration, the beneficiaries are entitled to restitution and may have the trustee surcharged for the amount necessary to compensate fully for the consequences of the breach.” The Supreme Court also relied on G. Bogert & G. Bogert, Trusts & Trustees § 862 (rev. 2d ed. 1995), which explained that:
For a breach of trust the trustee may be directed by the court to pay damages to the beneficiary out of the trustee’s own funds, either in a suit brought for that purpose or on an accounting where the trustee is surcharged beyond the amount of his admitted liability.
Thus the making of unauthorized payments to other beneficiaries, the conversion of the trust property, negligence in recording instruments affecting the trust property, or in obtaining security, or in collecting the trust property, or in the retention of property until it is worthless, wrongful sale of trust property, or negligence or misconduct in the making or retaining of investments, may give rise to a right in favor of beneficiaries to recover money damages from the trustee.
The court also cited Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456, 464, 59 S.Ct. 275, 83 L.Ed. 285 (1939), which held that a court had the power to require the trustee to take over from the trust the investments the trustee had improperly made and to restore to the trust the amount expended for them, and to surcharge the trustee for losses incurred. See generally G. Bogert & G. Bogert, Trusts & Trustees § 862 (rev. 2d ed. 1995).

. Because § 502(a)(3) authorizes only "equitable relief” there is no right to a jury trial. McDougall v. Pioneer Ranch Ltd. Partnership, 494 F.3d 571, 576 (7th Cir.2007); Nat’l Sec. *895 Sys., Inc. v. Iola, 700 F.3d 65, 79 n. 10 (3d Cir.2012); Cox v. Keystone Carbon Co., 861 F.2d 390, 393 (3d Cir.1988). However, if both Kenseth and Dean consent to a jury trial and the district court agrees, the case could be tried before a jury. Rule 39(c). But even then, whether a jury could determine what is "appropriate equitable relief” in this case is questionable. See Pals v. Schepel Buick & GMC Truck, Inc., 220 F.3d 495, 501 (7th Cir.2000).

. I agree that we review the district court’s decision on summary judgment de novo because there is a factual dispute on the breach of fiduciary duty claim. Had the only issue been the appropriateness of equitable relief, the clearly-erroneous standard of review would apply. See Cent. States, Se. & Sw. Areas Pension Fund v. SCOFBP, LLC, 668 F.3d 873, 877 (7th Cir.2011) ("We ordinarily review a district court’s grant of summary judgment in an ERISA case de novo. Pioneer Ranch, 494 F.3d at 575. When, however, the only issue before the district court is the characterization of undisputed subsidiary facts, and where a party does not have the right to a jury trial, the clearly-erroneous standard of review applies. Id.").