# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2020

No. 19-40305
Summary Calendar

Lyle W. Cayce
Clerk

IVAN PAGOAGA-CASTRO,

Plaintiff-Appellant

v.

UNKNOWN PIERSON, Medical Provider; UNKNOWN LOWRY;
UNKNOWN RANDOLF; UNKNOWN ASSAVA; UNKNOWN WRIGHT,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:16-CV-320

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Ivan Pagoaga-Castro, Texas prisoner # 2007147 and federal prisoner # 76444-279, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint alleging that the defendants violated his constitutional rights by being deliberately indifferent to his serious medical needs and retaliating against him for complaining about the denial of adequate medical care.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40305

The district court construed Pagoaga-Castro's complaint as seeking only injunctive relief in the form of a transfer from the Coffield Unit of the Texas Department of Justice (TDCJ) to a correctional facility with a special medical unit, acquisition of civilian treatment records for inclusion in Pagoaga-Castro's TDCJ medical file, and the provision of certain medical devices.  It then dismissed the complaint as moot on the grounds that Pagoaga-Castro had received the requested transfer and the defendants could no longer provide the other relief because Pagoaga-Castro was no longer confined at the Coffield Unit.

"This court reviews questions of jurisdiction *de novo*, including [whether] a case or controversy has become moot."  *Veasey v. Abbott*, 888 F.3d 792, 798 (5th Cir. 2018).  We do not reach the merits of Castro's claims for injunctive and declaratory relief because they have become mooted on appeal by his transfer to federal custody.  *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *see also Stringer v. Whitley*, 942 F.3d 715, 721 (5th Cir. 2019).  However, with the benefit of liberal construction, *see Erickson v. Pardus*, 551 U.S. 89, 92-93 (2007), Pagoaga-Castro's complaint also requested monetary damages in the form of reimbursement for pain and suffering, *see Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc).  That claim was not mooted by his transfer.  *See Board of Pardons v. Allen*, 482 U.S. 369, 371 n.1 (1987).

Accordingly, the APPEAL IS DISMISSED for lack of jurisdiction as to Pagoaga-Castro's claims for injunctive and declaratory relief.  The judgment of the district court dismissing Pagoaga-Castro's claims for monetary damages is VACATED AND REMANDED.  We express no opinion on the merits of those claims and leave it to the district court to make that determination in the first instance.  *See Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013).  To the extent that Pagoaga-Castro moves this court for appointment of counsel and for an award of damages, those motions are DENIED.