# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2025

Lyle W. Cayce
Clerk

————————

No. 24-50410

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Alan Nick Villa,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:15-CR-66-1

_____

Before Dennis, Graves, and Duncan, *Circuit Judges*.
Per Curiam:[*]

Alan Nick Villa challenges his revocation sentence on various grounds. We AFFIRM.

I

In 2015, Villa pled guilty of possessing cocaine base with intent to distribute and was sentenced to 70 months' imprisonment and 5 years' supervised release. In 2022, after Villa repeatedly violated his release terms,

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the district court revoked his supervised release and sentenced him to 6 months' imprisonment and 2 years' supervised release.

In 2023, Villa was arrested and convicted of assaulting the mother of his child. The court revoked his supervised release for a second time and sentenced him to 36 months' imprisonment, the statutory maximum.

It is from this second revocation that Villa now appeals.

## II

Our standard of review turns on whether Villa preserved his objections to the sentence.

For preserved objections, we undertake a two-step "plainly unreasonable" review. *United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020); *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). We first ask "whether the district court committed 'significant procedural error,'" and we then "assess 'the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *Cano*, 981 F.3d at 425 (quoting *United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018)). A sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Foley*, 946 F.3d at 685 (internal quotation marks omitted). For unpreserved objections, by contrast, we review only for plain error. *Cano*, 981 F.3d at 425. Under this "strictly circumscribed" standard, *Puckett v. United States*, 556 U.S. 129, 134 (2009), we can reverse only if Villa shows obvious error affecting his substantial rights and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 135 (internal quotation marks omitted).

No. 24-50410

Villa challenges his sentence on three grounds—namely, that the district court (1) failed to account for his rehabilitative efforts to remain drug-free and employed, (2) gave significant weight to an improper factor (the need to provide "just punishment"), and (3) incorrectly balanced the sentencing factors. The parties agree Villa preserved the first and third objections, but disagree about the second.

Villa contends he preserved the second objection by requesting a lower sentence. We disagree. As the Government points out, Villa did not specifically object to the district court's considering any improper factor at sentencing. He therefore failed to preserve the objection. *See, e.g.*, *Cano*, 981 F.3d at 425 (holding that a general objection to a sentence as "procedurally and substantively unreasonable" failed to preserve an "object[ion] to the district court's reliance on an improper sentencing consideration").

Accordingly, we review Villa's first and third objections under a plainly unreasonable standard and his second objection for plain error.

### III

### A

Villa first contends that the district court failed to account for his "significant achievement of remaining drug-free and maintaining employment given his history of drug abuse and prior difficulty keeping a job." *See* 18 U.S.C. §§ 3553(a)(1), 3583(e). We disagree. Contrary to Villa's argument, the district court accepted Villa's statement that he was drug-free, withdrew any consideration of his tendency toward recidivism despite employment issues, and stated that it considered his history and characteristics. Villa thus fails to show his sentence was plainly unreasonable on this ground.

No. 24-50410

B

Second, Villa contends the district court gave significant weight to an improper § 3553(a) factor—whether the sentence was necessary "'to . . . provide just punishment for the offense[.]'" *See* 18 U.S.C. § 3553(a)(2)(A).

It is improper for a district court to rely on the need for "just punishment" when modifying or revoking a supervised-release term. *See United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011) ("When sentencing a defendant under § 3583(e), a district court may not consider § 3553(a)(2)(A) because Congress deliberately omitted that factor from the permissible factors enumerated in the statute."). As the Supreme Court recently confirmed, "[d]istrict courts may not consider the retributive purpose of § 3553(a)(2)(A) before revoking supervised release." *Esteras v. United States*, 145 S. Ct. 2031, 2045 (2025). On plain error review, the Court explained, the "order revoking supervised release and requiring reimprisonment will be affirmed unless it is 'clear' or 'obvious' that the district court actually relied on § 3553(a)(2)(A)—because it did so either expressly or by unmistakable implication." *Ibid.* (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).[1]

Villa concedes the district court never expressly cited the "just punishment" factor in revoking his sentence. Nonetheless, he argues the court's "stated reasons" make its reliance on the factor "clear." Again, we disagree. The district court's stated reasons do not convey an "unmistakable implication" that the court "actually relied" on "just punishment" (or anything else in § 3553(a)(2)(A)) when deciding to revoke Villa's supervised

---

[1] This principle was dictum in *Esteras*. But because it is a "recent and detailed discussion" by the Supreme Court, we give it "serious consideration." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013).

4

release. *See Esteras*, 145 S. Ct. at 2045. Villa thus fails to show that the court plainly erred on this ground.

C

Finally, Villa contends the district court "clearly erred" in balancing the § 3553(a) factors. Not so. We agree with the Government that this argument is no more than a rehash of Villa's previous arguments. It therefore "fails as well." *United States v. Aldridge*, 858 F. App'x 738, 744, 2021 WL 2461004, at *5 (5th Cir. 2021). Furthermore, our review is highly deferential to the district court, and we will not reweigh the sentencing factors. *United States v. Hinojosa-Almance*, 977 F.3d 407, 411–12 (5th Cir. 2020); *Gall v. United States*, 552 U.S. 38, 52 (2007). Accordingly, Villa cannot show that his sentence was plainly unreasonable on this ground.

IV

Villa's sentence is AFFIRMED.