# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2026

Lyle W. Cayce
Clerk

No. 25-10382

────────────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Patrick Dejon Fleeks,

*Defendant—Appellant*.

──────────────────────────────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:24-CR-104-1

──────────────────────────────────

Before Haynes, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Patrick Dejon Fleeks appeals the sentence imposed by the district court following the revocation of his supervised release. We AFFIRM.

I

In 2020, Fleeks pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to fifty-five months of imprisonment and three years of

──────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

supervised release. Fleeks began his supervised release on July 15, 2024.

In August 2024, Fleeks's wife reported to Fleeks's probation officer that he had threatened to "shoot" her—which Fleeks admitted to—and that he was a "drunk" who "put his hands on [her]." After the probation officer discussed these allegations with him, Fleeks moved out of the residence he shared with his wife and into the residence of his stepdaughter, Andrea Steptoe.

On September 30, 2024, Fleeks was arrested in Lubbock, Texas, for allegedly assaulting Steptoe. Fleeks's probation officer and the Government separately petitioned to revoke his term of supervised release. Steptoe later recanted her allegations and signed a non-prosecution affidavit, resulting in the withdrawal of the petition. After Fleeks was released from custody on October 30, 2024, a protective order was issued prohibiting him from being near Steptoe. Fleeks's probation officer also directed him to "discontinue all contact" with Steptoe.

On November 6, 2024, the probation officer successfully petitioned the court—with Fleeks's agreement—to modify the terms of his supervised release to include mental health treatment and anger management, citing the allegations by Fleeks's wife as well as his arrest.

On November 10, 2024, Fleeks was arrested for violating the protective order after law enforcement discovered him driving with Steptoe. Fleeks's probation officer filed a second petition to revoke his supervised release based on his arrest and his failure to comply with instructions to suspend contact with Steptoe. The probation officer later amended the second petition to include an allegation that Fleeks had tested positive for alcohol. The Government then filed a second motion to revoke based on Fleeks's failure to follow the probation officer's instruction to suspend

No. 25-10382

contact with Steptoe and the positive alcohol test.[1]

At his revocation hearing, Fleeks pleaded true to both violations. The district court then announced that it would consider an upward variance from the five- to eleven-month policy statement range.[2] It noted this was an "unusual case" in which the "prior petition" had been "dismissed" because of Steptoe's "[non-]prosecution affidavit." It also found Fleeks's repeated history with Steptoe "concerning . . . as an indicator that there's just no regard for the rules placed on him." After hearing Fleeks's argument, the district court stated it had considered all of the requisite statutory factors, such as "the nature and circumstances" of the offense, Fleeks's "history" and "characteristics," and "the need to afford adequate deterrence of criminal conduct," but had not "considered any [factors] that [it is] barred from considering." The district court reiterated that "[t]his case [was] particularly frustrating . . . because of the many prior opportunities that [Fleeks] had to correct [his] behavior," but "despite [these] prior opportunities," Fleeks engaged in "repeat and concerning violations." As a result, the district court imposed an upward variance and sentenced Fleeks to eighteen months of imprisonment, followed by eighteen months of supervised release.

Fleeks objected to the substantive reasonableness of the sentence, and the district court overruled his objection. He timely appealed.

II

"When the defendant properly preserves his objection for appeal, *see* FED. R. CRIM. P. 51(b), we review a sentence imposed on revocation of

_____

[1] Unlike the probation officer's petition, the Government's motion was not based on Fleeks committing a new offense by violating the protective order.

[2] The statutory maximum for confinement was 24 months.

supervised release under a 'plainly unreasonable' standard, in a two-step process." *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013) (quoting *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011)). First, this court "evaluate[s] whether the district court procedurally erred." *Miller*, 634 F.3d at 843. "If the district court's sentencing decision lacks procedural error, this court next considers the substantive reasonableness of the sentence imposed," which is evaluated "for an abuse of discretion." *United States v. Kippers*, 685 F.3d 491, 497, 499–500 (5th Cir. 2012).

"When the defendant fails to bring a sufficient objection to the attention of the district court, we may correct an unpreserved 'plain error that affects substantial rights.'" *Warren*, 720 F.3d at 326 (quoting Fed. R. Crim. P. 52(b)).

## III

Fleeks asserts that the district court procedurally erred in imposing its revocation sentence by relying on clearly erroneous factual findings and considering impermissible sentencing factors. He also argues the sentence was substantively unreasonable.

## A

Fleeks first argues that the district court procedurally erred by basing its sentence on the clearly erroneous factual finding that he assaulted Steptoe, as evidenced by its "numerous statements assuming that [Fleeks] had done something wrong in connection with the [first] petition."

"[I]t is procedural error at revocation sentencing to 'select[] a sentence based on clearly erroneous facts.'" *Warren*, 720 F.3d at 331 (second alteration in original) (quoting *Kippers*, 685 F.3d at 497). "[T]he burden is on the defendant 'to demonstrate that the district court relied on materially untrue information.'" *Id.* (quoting *United States v. Mueller*, 902 F.2d 336, 347

(5th Cir. 1990)). Although the parties dispute whether Fleeks properly preserved this issue, we need not decide whether he "adequately preserved his [procedural] objection[]" because he fails to meet his burden even under the plainly unreasonable standard. *See United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018).

Here, the district court made several comments regarding this case's "unusual" history, citing Fleeks's first arrest, the protective order, and probation's instruction to cease contact with Steptoe. It noted that despite "all of those multiple prior encounters [that] almost led to a revocation," Fleeks continued to contact Steptoe. The district court also referenced the "many prior opportunities" Fleeks had "to correct [his] behavior," and his "repeat and concerning violations despite prior opportunities."

The district court's statements accurately reflect the record; there were "multiple" or "repeat" "encounters" and "violations." In August 2024, Fleeks threatened to shoot his wife—Steptoe's mother. In September, Fleeks was arrested for allegedly assaulting Steptoe. As a result, the terms of his supervised release were modified to include mental health treatment and anger management. Fleeks was subsequently arrested again for violating a protective order. Critically, the district court expressly acknowledged that the first petition had been dismissed based on Steptoe's non-prosecution affidavit. It never found the allegations in the first petition to be true.

Under the plainly unreasonable standard of review, Fleeks has failed to show that the district court procedurally erred by relying on materially untrue information. *See Warren*, 720 F.3d at 331.

B

Fleeks next argues that the district court procedurally erred by considering retributive sentencing factors, i.e., the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the

law, and to provide just punishment for the offense." *See* 18 U.S.C. § 3553(a)(2)(A).

"Revocation sentences are governed by . . . 18 U.S.C. § 3583(e)(3)," which "authorizes district courts to respond to a violation of the conditions of supervised release by imposing a new term of imprisonment . . . 'after considering' a list of factors that incorporates most—but not all— of § 3553(a)." *Sanchez*, 900 F.3d at 683. The Supreme Court, in resolving a circuit split on the issue, recently held that "[d]istrict courts cannot consider" the retributive purposes of sentencing set forth in "§ 3553(a)(2)(A) when revoking supervised release" because that section was omitted from § 3583(e). *Esteras v. United States*, 606 U.S. 185, 195–96 (2025).[3] It stated that, in "determin[ing] whether a district court has impermissibly relied on" the retributive factors, "[m]uch will turn on whether the defendant objects." *Id.* at 202. If the defendant fails to properly object, "the district court's order revoking supervised release and requiring reimprisonment will be affirmed unless it is 'clear' or 'obvious' that the district court actually relied on § 3553(a)(2)(A)—because it did so either expressly or by unmistakable implication." *Id.* at 202–03 (citation modified) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).[4] There is no

---

[3] Although, prior to *Esteras*, this court already "held that district courts may not consider" the retributive factors "in crafting revocation sentences," *Sanchez*, 900 F.3d at 683 (citation modified), we only found *reversible* error where they were "dominant factor[s]" in the sentence. *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015). *Esteras* acknowledged, but did not specifically address, this "intermediate" approach. 606 U.S. at 190 n.1. "This court has not had occasion to consider what effect, if any, *Esteras* has on this court's prior jurisprudence." *United States v. Campos*, No. 24-50615, 2025 WL 2986382, at *1 (5th Cir. Oct. 23, 2025) (unpublished). We need not do in this case because, as discussed below, Fleeks has not met his burden under *Esteras*. *See id.*

[4] As this court has explained, "[t]his principle was dictum in *Esteras*. But because it is a 'recent and detailed discussion' by the Supreme Court, we give it 'serious consideration.'" *United States v. Villa*, No. 24-50410, 2025 WL 2848988, at *2 (5th Cir.

No. 25-10382

dispute here that Fleeks's argument was not preserved, and that plain error review applies. *See Warren*, 720 F.3d at 326.

Here, the district court noted the first petition in this case, the protective order that Fleeks violated, and the probation officer's instruction regarding Steptoe that Fleeks disregarded. The district court found this history "concerning . . . as an indicator that there's just no regard for the rules placed on [Fleeks]." It also reiterated that "[t]his case [was] particularly frustrating . . . because of the many prior opportunities that [Fleeks] had to correct [his] behavior." And it considered numerous other sentencing factors, such as "the nature and circumstances of [the] offense," Fleeks's "history" and "characteristics," and "the need to afford adequate deterrence of criminal conduct."

None of the district court's statements demonstrate "express[]" or "unmistakable" reliance on retributive factors. *See Esteras*, 606 U.S. at 203. Rather, they show that it "was primarily frustrated with [Fleeks's] pattern of noncompliance with the terms of his supervised release and chose the [eighteen]-month sentence to afford adequate deterrence and sanction [Fleeks] for his breach of the court's trust," which "are permissible considerations in a revocation hearing." *See United States v. Savarino*, No. 21-20133, 2021 WL 4950235, at *2 (5th Cir. Oct. 22, 2021) (unpublished); *see also United States v. Cano*, 981 F.3d 422, 426 (5th Cir. 2020) ("A sentence imposed on revocation of supervised release punishes a breach of trust for violating the conditions of supervision." (quoting *United States v. Daughenbaugh*, 793 F. App'x 237, 240 (5th Cir. 2019))). Because it is not "'clear' or 'obvious' that the district court actually relied on

---

Oct. 8, 2025) (unpublished) (quoting *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013)).

§ 3553(a)(2)(A)," Fleeks has not shown that the district court procedurally erred by relying on impermissible sentencing factors. *See Esteras*, 606 U.S. at 203 (citation modified) (quoting *Olano*, 507 U.S. at 734).

C

Finally, Fleeks asserts that his revocation sentence was substantively unreasonable because the district court gave "significant weight" to two "irrelevant and improper factors": Steptoe's recanted allegations of assault and the seriousness of Fleeks's violation conduct.

"A sentence is substantively unreasonable if it . . . gives significant weight to an irrelevant or improper factor." *Warren*, 720 F.3d at 332 (citation modified). The parties agree that Fleeks preserved this argument, so "we review the substantive reasonableness of his sentence for an abuse of discretion." *See Kippers*, 685 F.3d at 499–500.

Fleeks's substantive reasonableness arguments reiterate his procedural arguments, and they fail for the same reasons. *See United States v. Rhine*, 637 F.3d 525, 530 (5th Cir. 2011) (rejecting the defendant's "challenge to the substance of his sentence" because it was "little more than a corollary to his procedural argument"); *United States v. Gallegos-Ortiz*, 843 F. App'x 610, 612 (5th Cir. 2021) (unpublished) ("Gallegos-Ortiz's substantive arguments are the same as his procedural ones. Thus, his arguments fail for the reasons set forth above."). The district court did not credit the allegations in the first petition or rely on impermissible sentencing factors. Fleeks has not met his "heavy burden" to show that his revocation sentence is substantively unreasonable. *See Sanchez*, 900 F.3d at 685.

AFFIRMED.